


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-26-09

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## PROBATION DEPARTMENT

TO: **HONORABLE DENNY CHIN**
U.S. District Judge

FROM: **Victor Jeffrey**
Supervising U.S. Probation Officer

RE: **DUNCAN, Curtis**
Docket No. **99-CR-00066-001**

Enclosed is a matter from the U.S. Probation Office requesting a decision from Your Honor. Please direct your response along with any attachment to our office at 233 Broadway, 15th floor, so that we may take appropriate action.

Respectfully submitted,

Victor Jeffrey
Supervising U.S. Probation Officer
212-805-5062

Prepared By:
David T. Mulcahy

U.S. Probation Officer
212-805-5178

DATE: May 26, 2009

## REQUEST FOR COURT ACTION

TO: **HONORABLE DENNY CHIN**
U.S. District Judge

OFFENSE: Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), a class B felony.

ORIGINAL SENTENCE: Eighty-seven (87) months' imprisonment followed by five (5) years' supervised release.

FROM: **Victor Jeffrey**
Supervising U.S. Probation Officer

SPEC. CONDITIONS: The offender shall participate in a program approved by the Probation Department for substance abuse which program may include testing to determine whether he has reverted to drug or alcohol use. He shall be required to contribute to the costs of services rendered in an amount to be determined by the Probation Department based on the ability to pay or the availability of third-party payment. The offender is prohibited from possessing a firearm. A 6,000 restitution obligation was imposed and a $600 special assessment fee was also imposed.

AUSA: Paul Butler

RE: **Curtis Duncan**
**Dkt # 99-CR-00066-01**

MED: June 15, 2010

DATE OF SENTENCE: September 28, 1999

DATE: May 26, 2009

ATTACHMENTS:   PSI, Judgement, Violation Petition

REQUEST FOR:   **SUMMONS**

---

## REQUEST FOR A SUMMONS

### CUSTODY STATUS

Mr. Duncan is at liberty in the community. We would respectfully request that the Court issue a **SUMMONS**, so the offender can be brought before the Court to answer the specifications listed below.

**DUNCAN, Curtis**                                                                  24233/DTM

2

## SUPERVISION ADJUSTMENT

**The following information was obtained from USPO Argyro Eleopoulos, the supervising officer in the Eastern District of New York.**

Mr. Duncan commenced his term of Supervised Release in the Eastern District of New York on June 16, 2005, pursuant to his residence in Queens. Mr. Duncan's adjustment to supervision can be deemed as poor since he repeatedly failed to take advantage of the Court's tolerance afforded to him as detailed in this report. Specifically, on March 17, 2006, the Court modified Mr. Duncan's conditions of supervision to reflect a 90-day placement in a Residential Re-entry Center (RRC), in response to his non-compliance with maintaining employment and making monthly payments towards his restitution obligation.

On July 19, 2006, Mr. Duncan was released from the RRC, and remained employed at Jung Sun Laundry until September 2006, when he was terminated. On October 31, 2006, Mr. Duncan was referred to a vocational training program which began on November 13, 2006. He attended the program two days and was discharged as a program failure on November 21, 2006, for lack of attendance. The probation officer met with Mr. Duncan to discuss his lack of motivation to secure employment, and observed that he displayed impaired functioning in that he would not maintain eye contact and responded to questions posed by the supervising officer with queries of his own. The supervising probation officer also sensed possible underlying suicidal ideation in certain statements made by the releasee. As a result, Mr. Duncan's conditions were again modified by the Court to include mental health treatment to assess whether his lack of motivation to secure employment was related to a psychological issue.

On June 13, 2007, Mr. Duncan secured employment with McDonald's Restaurant and began making monthly payments in the amount of $50 towards his restitution obligation. In July 2008, Mr. Duncan was terminated from his employment with Mc Donald's Restaurant as a result of a verbal altercation with a supervisor. Subsequently, Mr. Duncan was referred to another vocational program on September 30, 2008, and on December 9, 2008. Mr. Duncan received an unfavorable discharge from the program for failure to attend. As a result, Mr. Duncan's conditions were again modified on March 27, 2009, to reflect placement in the RRC for up to six (6) months until employment was secured.

On April 22, 2009, Mr. Duncan entered the RRC and on April 29, 2009, provided a urine sample which tested positive for marijuana. Mr. Duncan was removed from the facility on May 4, 2009 (Exhibit I). On May 5, 2009, Mr. Duncan was instructed to report to the Probation Department to provide a urine sample which provided a positive result for marijuana (Exhibit II). In a telephone conversation with Mr. Duncan on that same date, he admitted to using marijuana.

Notwithstanding the charges outlined on this report, Mr. Duncan has satisfied the special condition for drug treatment and testing on November 16, 2005, and paid his $600 special assessment fee on May 23, 2004. He has a balance of $1,108.70 of his $6,000 restitution obligation.

**DUNCAN, Curtis** 24233/DTM

3

## VIOLATION CIRCUMSTANCES

1. **ON MAY 4, 2009, THE RELEASEE VIOLATED THE SPECIAL CONDITION OF SUPERVISED RELEASE IMPOSED BY THE COURT DIRECTING THE RELEASEE TO COMPLETE A TERM IN THE RESIDENTIAL REENTRY CENTER (RRC), IN THAT, THE RELEASEE WAS UNSUCCESSFULLY DISCHARGED FROM THE RRC FOR FAILING TO ABIDE BY THE RULES OF THAT PROGRAM.** *SPECIAL CONDITION, GRADE C VIOLATION*

On April 22, 2009, Mr. Duncan entered the Residential Re-entry Center as directed by the Court. On April 29, 2009, Mr. Duncan provided a urine sample which tested positive for marijuana. He was removed from the facility on May 4, 2009, based on this noncompliance.

2. **ON OR ABOUT APRIL 29, 2009, AND MAY 5, 2009, THE RELEASEE USED A CONTROLLED SUBSTANCE, TO WIT, MARIJUANA** *MANDATED CONDITION, MANDATORY REVOCATION, GRADE C VIOLATION.*

On May 5, 2009, Mr. Duncan reported to the Probation Department as instructed and provided a urine sample which subsequently tested positive for marijuana. In a telephone conversation with Mr. Duncan on that same date, he admitted to using marijuana.

## COURT STATUS IN OTHER JURISDICTIONS

None

DUNCAN, Curtis                                                                 24233/DTM

4

## CHAPTER SEVEN GUIDELINE POLICY CONSIDERATIONS AND/OR STATUTORY REQUIREMENTS:

Chapter Seven of the Sentencing Guidelines sets forth policy statements regarding sentencing considerations in violation of supervised release matters. Case law requires the Court to consider these issues but, since they are policy statements, they are not binding.

According to Section 7B1.4, the possible ranges of imprisonment applicable upon a violation of supervised release are as follows:

| Specification | Grade of Violation | Revocation Range (Based upon a Criminal History Category of I) |
|---|---|---|
| 1 | Grade C | **GUIDELINES**: Three (3) to nine (9) months' imprisonment. **STATUTORY**: Not more than three (3) years' imprisonment. |
| 2 | Grade C | **GUIDELINES**: Three (3) to nine (9) months' imprisonment. **STATUTORY**: Not more than three (3) years' imprisonment. |

As the defendant was originally convicted of a **Class B Felony**, he may be required by statute {18 USC 3583(e)(3)} to serve a period of incarceration of not more than **three (3) years**.

Pursuant to {18 USC 3583(h)}, if the term of Supervised Release is revoked and the term of imprisonment imposed is less than the maximum three (3) years, supervised release can be reimposed as authorized under the original offense, 18 U.S.C. § 2113(a) and (d), less any term of imprisonment that was imposed upon revocation of supervised release.

Pursuant to 18 USC 3583(g), if the defendant is found to have possessed a controlled substance and/or firearm or refused to comply with drug testing imposed as a condition of supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Pursuant to U.S. v. Wirth, No. 99-1743, 2nd Circuit, use of narcotics amounts to possession thereof for the purpose of 18 USC 3583 (g).

**DUNCAN, Curtis**                                                         24233/DTM

5

### RECOMMENDATION

At this time we would respectfully request that the Court issue a **SUMMONS**, so Mr. Duncan can be brought before the Court to answer the above specifications.

Based on the aforementioned, it would appear that Mr. Duncan did not respond positively to community supervision. The above-noted behavior illustrates Mr. Duncan's continuous non-compliance with the conditions of supervision, with disregard towards the leniency afforded to him by the Court.

**If the Court were to revoke Mr. Duncan's current term of supervised release and re-impose a term of supervised release, we would respectfully request that the previously imposed Special Conditions remain in effect.**

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to Mr. Duncan, defense counsel and prosecutor, unless Your Honor directs otherwise.

Respectfully submitted,

David T. Mulcahy  
U.S. Probation Officer

_____  
Victor Jeffrey            Date  
Supervising U.S. Probation Officer



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### PROBATION OFFICE

## Petition for Summons
## with Attached Request for
## Court Action Direction Detailing Probable Cause

Offender: **DUNCAN, Curtis**                    Docket Number: **99-CR-00066-01**

Sentencing Judge: **Honorable Denny Chin, U.S. District Judge**

Date of Original Sentence:     **September 28, 1999**

Original Offense:    Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), a class B felony.

Original Sentence:    Eighty-seven (87) months custody followed by five (5) years' Supervised Release.

Type of Supervision:    **Supervised Release**    Date Supervision Commenced:    **June 16, 2005**

## PETITIONING THE COURT TO ISSUE A SUMMONS

Mr. Duncan has not complied with the following conditions of supervision:

Violation
Number        Nature of Noncompliance

1.    **ON MAY 4, 2009, THE RELEASEE VIOLATED THE SPECIAL CONDITION OF SUPERVISED RELEASE IMPOSED BY THE COURT DIRECTING THE RELEASEE TO COMPLETE A TERM IN THE RESIDENTIAL REENTRY CENTER (RRC), IN THAT, THE RELEASEE WAS UNSUCCESSFULLY DISCHARGED FROM THE RRC FOR FAILING TO ABIDE BY THE RULES OF THAT PROGRAM.** *SPECIAL CONDITION, GRADE C VIOLATION*

2.    **ON OR ABOUT APRIL 29, 2009, AND MAY 5, 2009, THE RELEASEE USED A CONTROLLED SUBSTANCE, TO WIT, MARIJUANA** *MANDATED CONDITION, MANDATORY REVOCATION, GRADE C VIOLATION.*

**DUNCAN, Curtis**  24233/DTM

2

U.S. Probation Officer Recommendation:

The term of supervision should be:

[ x ]   Revoked

   Extended for year(s), for a total term of years.

**I declare under penalty of perjury that the foregoing is true and correct. (Supporting documentation is attached)**

Respectfully submitted,

Michael J. Fitzpatrick
Chief U.S. Probation Officer

*David T. Mulcahy* (signature)
David T. Mulcahy
U.S. Probation Officer
Date:

*Victor Jeffrey* (signature)   5-27-09
Victor Jeffrey
Supervising U.S. Probation Officer
Date:



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### PROBATION OFFICE

*Judicial Response*

THE COURT ORDERS:

[ ]   The Issuance of a Warrant

[✓]   The Issuance of a Summons
       Mr. Duncan is directed to appear as follows:

        Date: _____

        Time: _____

        Place: _____

[ ]   Other

_____
Signature of Judicial Officer

5/29/09
Date